## ANTONE BRIGHT *v.* DAVID KAWANANAKOA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 16, 1904.                    DECIDED MAY 4, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The evidence held sufficient to support a finding that there was no express agreement between an employer and employee as to the rate of compensation for the services to be rendered.

OPINION OF THE COURT BY PERRY, J.

Assumpsit, on a *quantum meruit,* for $850 for seventeen months' work and labor done. Answer, general denial. There was evidence tending to show that the plaintiff had been employed by Queen Kapiolani in her lifetime to take charge, as supervising retainer, of her land of Mokauea, Kalihi, that the compensation for the services so rendered was to be the use, free of rent, of a quarter-acre of land and certain other perquisites and that such perquisites were enjoyed by plaintiff not only during the Queen's lifetime but also during the succeeding period during which the compensation sued for is claimed to have accrued. The issue left to the jury was whether, as contended by the defendant, his employment of the plaintiff, if such employment was found, was a continuation of the employment commenced under Queen Kapiolani (presumably by this was meant, for the same compensation), in which case the verdict was to be for the defendant, or, as contended by plaintiff, was a mere hiring without any agreement as to compensation, in which case the verdict was to be for the plaintiff for the reasonable value of the services rendered. The jury found for the

plaintiff for $450. The sole question raised by the exceptions relied on is whether there is sufficient evidence to support the verdict.

It is true, as contended by the defendant, that the plaintiff himself testified that on one occasion, after the publication of the administrator's notice to creditors of the deceased Queen, the defendant told him to "continue to work under the old system, and I continued to do my work again" and that in a bill in equity filed in April, 1901, the plaintiff made averments tending to show that the employment after the Queen's death was under the same terms as that prior thereto. Certainly a strong showing was made in support of the defendant's claim on this issue of fact. Nevertheless we cannot say that there was not evidence sufficient to support a finding that, while the defendant employed the plaintiff to continue to do the same work, no express agreement was made by the parties as to the rate or method of compensation. At another point in his testimony the plaintiff said: "I started to work in 1897, the Queen put me in charge of that place, and when she died the Prince" (defendant) "called me and gave me the orders to remain and do the same work. * * * The Prince told me" (on the day after the Queen's death) "to go and tell the natives to get the pigs ready and for us to remain on the land until everything was quieted down. * * He told me nothing else. I went home and obeyed." The view might well have been taken that the plaintiff's testimony was inconsistent and discredited by the averments in his bill in equity. The jury, however, the sole judge of the credibility of the witnesses, saw fit to believe upon all the evidence that no express agreement was made as to compensation. The finding cannot be set aside.

Other contentions of the defendant are that the evidence showed a contract with the Queen and not with the defendant, that at best the promise of defendant was to pay the debt of another, that the land of Mokauea was not the defendant's, and that in any event the defendant was not liable. The defendant had an interest in the land and if he saw fit to do so could em-

ploy the plaintiff to work there and render himself liable for the latter's compensation. There was evidence, as already stated, tending to show a hiring by the plaintiff personally and if there was such hiring, the debt created was not the Queen's but. the defendant's.

The bringing of the suit in equity which was later dismissed on demurrer on the ground of lack of jurisdiction or because a cause of action was not stated, does not estop the plaintiff from suing at law.

The exceptions are overruled.

*J. M. Vivas* and *C. C. Bitting* for plaintiff.

*Kinney, McClanahan & Cooper* for defendant.